# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON L. TWILLIE** | **CIVIL ACTION** |
| **versus** | **NO. 12-1421** |
| **STEVE RADER, WARDEN** | **SECTION: "N" (3)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Brandon L. Twillie, is a state prisoner incarcerated at the Dixon Correctional Center, Jackson, Louisiana. On June 18, 2009, he was convicted of manslaughter under Louisiana law.[1] On July 27, 2009, he was found to be a third offender and was sentenced as such to a term of fifty years imprisonment without benefit of probation or suspension of sentence.[2] On

---

[1] State Rec., Vol. II of IV, trial transcript, p. 432; State Rec., Vol. I of IV, minute entry dated June 18, 2009; State Rec., Vol. I of IV, jury verdict form.

[2] State Rec., Vol. II of IV, transcript of July 27, 2009; State Rec., Vol. I of IV, minute entry dated July 27, 2009; State Rec., Vol. I of IV, Reasons for Judgment.

March 26, 2010, the Louisiana First Circuit Court of Appeal affirmed that conviction, habitual offender adjudication, and sentence.[3] Petitioner did not seek review of that judgment by the Louisiana Supreme Court.[4]

On or about April 7, 2011, petitioner filed an application for post-conviction relief with the state district court.[5] That application was denied on May 4, 2011.[6] His related writ applications were then likewise denied by the Louisiana First Circuit Court of Appeal on August 15, 2011,[7] and by the Louisiana Supreme Court on April 27, 2012.[8]

On May 14, 2012, petitioner filed the instant federal *habeas corpus* application, claiming that he received ineffective assistance of counsel.[9] The state concedes that petitioner's application is timely and that he has exhausted his remedies in state court.[10]

---

[3] State v. Twillie, No. 2009 KA 1891, 2010 WL 1170459 (La. App. 1st Cir. Mar. 26, 2010); State Rec., Vol. III of IV.

[4] See Rec. Doc. 1, p. 6.

[5] State Rec., Vol. III of IV.

[6] State Rec., Vol. III of IV, Order dated May 4, 2011.

[7] State v. Twillie, No. 2011 KW 0969 (La. App. 1st Cir. Aug. 15, 2011); State Rec., Vol. III of IV.

[8] State *ex rel.* Twillie v. State, 86 So.3d 620 (La. 2012) (No. 2011-KH-1863); State Rec., Vol. III of IV.

[9] Rec. Doc. 1.

[10] Rec. Doc. 10, p. 3.

I. Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal *habeas corpus* legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for pure questions of fact, pure questions of law, and mixed questions of both. The amendments "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).

As to pure questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); see also 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

As to pure questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision on the merits of such a claim unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Courts have held that the "'contrary

to' and 'unreasonable application' clauses [of § 2254(d)(1)] have independent meaning." Bell, 535 U.S. at 694.

Regarding the "contrary to" clause, the United States Fifth Circuit Court of Appeals has explained:

> A state court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the [United States] Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the [United States] Supreme Court and nevertheless arrives at a result different from [United States] Supreme Court precedent.

Wooten v. Thaler, 598 F.3d 215, 218 (5th Cir.) (internal quotation marks, ellipses, brackets, and footnotes omitted).

Regarding the "unreasonable application" clause, the United States Supreme Court has explained:

> [A] state-court decision can involve an "unreasonable application" of this Court's clearly established precedent in two ways. First, a state-court decision involves an unreasonable application of this Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of this Court's precedent if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

Williams v. Taylor, 529 U.S. 362, 407 (2000). The Supreme Court has noted that the focus of this inquiry "is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams that an unreasonable application is different from an

– 4 –

incorrect one." Bell, 535 U.S. at 694; see also Puckett v. Epps, 641 F.3d 657, 663 (5th Cir. 2011) ("Importantly, 'unreasonable' is not the same as 'erroneous' or 'incorrect'; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."), cert. denied, 132 S.Ct. 1537 (2012).

While the AEDPA standards of review are strict and narrow, they are purposely so. As the United States Supreme Court recently held:

> [E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable.
> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is *no possibility* fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a guard against *extreme malfunctions* in the state criminal justice systems, *not a substitute for ordinary error correction through appeal. As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.*

Harrington v. Richter, 131 S.Ct. 770, 786-87 (2011) (citations omitted; emphasis added).

## II. Facts

On direct appeal, the Louisiana First Circuit Court of Appeal summarized the facts of the instant case as follows:

> On or about June 24, 2006, sometime before daylight, at 37461 Hill Crest Drive, Slidell, Louisiana, a gun (a Smith and Wesson revolver) possessed by the defendant was discharged, resulting in the death of the victim, Thomas Cousin. At the time of

– 5 –

the shooting, the victim was holding crack cocaine in his hand. After the shooting, the defendant ran from the scene, discarded the weapon, and ultimately fled to Houston, Texas, where he was apprehended days later.

During a recorded interview conducted in Houston after the defendant was apprehended, the defendant admitted to shooting the victim, but stated that the shooting was accidental. When the defendant was transported back to Louisiana, he led the police to the location where he had discarded the weapon, a wooded area a couple of blocks from the scene of the shooting.[11]

### III. Petitioner's Claims

Petitioner claims that he received ineffective assistance of counsel. The United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel. A petitioner seeking relief must demonstrate that counsel's performance was deficient *and* that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 697 (1984). A petitioner bears the burden of proof on such a claim and "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective." Jernigan v. Collins, 980 F.2d 292, 296 (5th Cir. 1993); see also Clark v. Johnson, 227 F.3d 273, 284 (5th Cir. 2000). If a court finds that a petitioner has made an insufficient showing as to either of the two prongs of inquiry, i.e. deficient performance or actual prejudice, it may dispose of the ineffective assistance claim without addressing the other prong. Strickland, 466 U.S. at 697.

To prevail on the deficiency prong of the Strickland test, a petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment. See Styron v. Johnson, 262 F.3d 438, 450 (5th Cir. 2001). "Counsel's performance

---

[11] State v. Twillie, No. 2009 KA 1891, 2010 WL 1170459, at *1 (La. App. 1st Cir. Mar. 26, 2010); State Rec., Vol. III of IV.

is deficient if it falls below an objective standard of reasonableness." Little v. Johnson, 162 F.3d 855, 860 (5th Cir. 1998). Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. See Strickland, 466 U.S. at 689. "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" Lockhart v. Fretwell, 506 U.S. 364, 371 (1993) (quoting Strickland, 466 U.S. at 690). A petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. See Crockett v. McCotter, 796 F.2d 787, 791 (5th Cir. 1986); Mattheson v. King, 751 F.2d 1432, 1441 (5th Cir. 1985).

The appropriate standard for determining prejudice varies slightly depending on whether a petitioner is challenging the actions of trial or appellate counsel. In order to prove prejudice with respect to *trial* counsel, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. In making a determination as to whether prejudice occurred, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial." Crockett, 796 F.2d at 793. On the other hand, to prove prejudice with respect to a claim that *appellate* counsel was ineffective, a petitioner must show a reasonable probability that he would have prevailed on appeal but for his counsel's deficient representation. Briseno v. Cockrell, 274 F.3d 204, 207 (5th Cir. 2001); see also Smith v. Robbins, 528 U.S. 259, 286 (2000). Therefore, a petitioner must demonstrate a reasonable probability that,

if appellate counsel's performance had not been deficient in the manner claimed, the appellate court would have vacated or reversed the trial court judgment based on the alleged error. Briseno, 274 F.3d at 210.

Petitioner's ineffective assistance of counsel claims were rejected by the state courts in the post-conviction proceedings. Because such a claim is a mixed question of law and fact, this Court must defer to the state court decision rejecting petitioner's claims unless that decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); Moore v. Cockrell, 313 F.3d 880, 881 (5th Cir. 2002). Moreover, the United States Supreme Court recently explained that, under the AEDPA, federal *habeas corpus* review of ineffective assistance of counsel claims is in fact *doubly* deferential:

> The pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a Strickland claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), an *unreasonable* application of federal law is different from an *incorrect* application of federal law. A state court must be granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself.
> A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision. Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004). And as this Court has explained, "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." Ibid. "[I]t is

> not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court." Knowles v. Mirzayance, 556 U.S. ____, ____, 129 S.Ct. 1411, 1413-14, 173 L.Ed.2d 251 (2009) (internal quotation marks omitted).

Harrington v. Richter, 131 S.Ct. 770, 785-86 (2011) (citation omitted). The Supreme Court then explained:

> Surmounting Strickland's high bar is never an easy task. An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the Strickland standard must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve. Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is all too tempting to second-guess counsel's assistance after conviction or adverse sentence. The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom.
>
> Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. *The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so.* The Strickland standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). *When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.*

Id. at 788 (citations omitted; emphasis added). For the following reasons, the Court finds that, under these stringently deferential standards, it simply cannot be said that relief is warranted in the instant case with respect to petitioner's ineffective assistance of counsel claims.

– 9 –

Petitioner's first claim is that counsel was ineffective for failing to adequately investigate the case. However, a petitioner asserting a claim for inadequate investigation bears the burden to provide factual support as to what further investigation would have revealed. See Moawad v. Johnson, 143 F.3d 942, 948 (5th Cir. 1998); see also Brown v. Dretke, 419 F.3d 365, 375 (5th Cir. 2005); Davis v. Cain, Civ. Action No. 07-6389, 2008 WL 5191912, at *10 (E.D. La. Dec. 11, 2008). In the instant case, petitioner has brought forth no evidence showing that further investigation would have revealed any information whatsoever which would have been beneficial to the defense. Without such evidence, he cannot make the required showing that he was prejudiced by the allegedly inadequate investigation and his claim necessarily fails. Everett v. Louisiana, Civ. Action No. 08-4745, 2009 WL 1971370, at *5 (E.D. La. July 7, 2009).

Petitioner's second claim is that counsel was ineffective for failing to interview and subpoena witnesses for the defense. This claim fails because petitioner has not shown that the proposed witnesses had any information beneficial to the defense and would have been available to testify at trial. The United States Fifth Circuit Court of Appeals has explained:

> Claims that counsel failed to call witnesses are not favored on federal habeas review because the presentation of witnesses is generally a matter of trial strategy and speculation about what witnesses would have said on the stand is too uncertain. For this reason, we require petitioners making claims of ineffective assistance based on counsel's failure to call a witness to demonstrate prejudice *by naming the witness, demonstrating that the witness was available to testify and would have done so, setting out the content of the witness's proposed testimony, and showing that the testimony would have been favorable to a particular defense.* This requirement applies to both uncalled lay and expert witnesses.

Woodfox v. Cain, 609 F.3d 774, 808 (5th Cir. 2010) (citations, quotation marks, and brackets omitted; emphasis added); see also Day v. Quarterman, 566 F.3d 527, 538 (5th Cir. 2009) ("[T]o prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense.").

Here, petitioner has not even identified the proposed defense witnesses, much less produced any evidence, such as affidavits from them, demonstrating that they would have testified in a manner beneficial to the defense. Therefore, he clearly has not met his burden with respect to this claim. See, e.g., United States v. Cockrell, 720 F.2d 1423, 1427 (5th Cir. 1983) (courts view "with great caution claims of ineffective assistance of counsel when the only evidence of a missing witness's testimony is from the defendant"); Buniff v. Cain, Civ. Action No. 07-1779, 2011 WL 2669277, at *3 (E.D. La. July 7, 2011); Anthony v. Cain, Civ. Action No. 07-3223, 2009 WL 3564827, at *8 (E.D. La. Oct. 29, 2009) ("This Court may not speculate as to how such witnesses would have testified; rather, a petitioner must come forward with evidence, such as affidavits from the uncalled witnesses, on that issue."); Combs v. United States, Nos. 3:08-CV-0032 and 3:03-CR-0188, 2009 WL 2151844, at *10 (N.D. Tex. July 10, 2009) ("Unless the movant provides the court with affidavits, or similar matter, from the alleged favorable witnesses suggesting what they would have testified to, claims of ineffective assistance of counsel fail for lack of prejudice."); Harris v. Director, TDCJ-CID, No. 6:06cv490, 2009 WL 1421171, at *7 (E.D. Tex. May 20, 2009)

("Failure to produce an affidavit (or similar evidentiary support) from the uncalled witness is fatal to the claim of ineffective assistance."). Accordingly, this claim should be rejected.

Petitioner's third claim is that counsel was ineffective for failing to adequately challenge the credibility of the state's witnesses. However, it is clear that "[t]he decision whether to cross-examine a witness, and if so, how vigorously to challenge the witness' testimony, requires a quintessential exercise of professional judgment." Ford v. Cockrell, 315 F. Supp. 2d 831, 859 (W.D. Tex. 2004), aff'd, 135 Fed. App'x 769 (5th Cir. 2005); see also Lewis v. Cain, Civ. Action No. 09-2848, 2009 WL 3367055, at *8 (E.D. La. Oct. 16, 2009), aff'd, 444 Fed. App'x 835 (5th Cir. 2011); Williams v. Cain, Civ. Action Nos. 06-0224 and 06-0344, 2009 WL 1269282, at *11 (E.D. La. May 7, 2009), aff'd, 359 Fed. App'x 462 (5th Cir. 2009); Packnett v. Cain, Civ. Action No. 06-5973, 2008 WL 148486, at *11 (E.D. La. Jan. 10, 2008); Parker v. Cain, 445 F. Supp. 2d 685, 710 (E.D. La. 2006). The United States Supreme Court has cautioned courts not to second-guess counsel's decisions on such tactical matters through the distorting lens of hindsight; rather, courts are to employ a strong presumption that counsel's conduct falls within a wide range of reasonable assistance and, under the circumstances, might be considered sound trial strategy. Strickland, 466 U.S. at 689. Moreover, it is irrelevant that another attorney might have made other choices or handled such issues differently. As the Supreme Court noted: "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." Id.

In any event, the Court notes that the trial in this case was very brief, and defense counsel in fact cross-examined each of the state's witnesses.[12] Petitioner has not identified any specific questions which he believes counsel wrongly failed to ask; rather, he offers nothing other than his conclusion that the witnesses were not adequately challenged. That clearly does not suffice. As the United States Fifth Circuit Court of Appeals has explained:

> To succeed on his ineffective assistance claim, [a petitioner] bears the burden of demonstrating that counsel's performance was deficient and that the deficient performance prejudiced his defense. [A petitioner] cannot escape this burden merely by stating his conclusion. Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.

United States v. Holmes, 406 F.3d 337, 361 (5th Cir. 2005) (internal quotation marks omitted); see also Green v. Johnson, 160 F.3d 1029, 1042 (5th Cir. 1998); Garcia-Quiroz v. United States, Civ. Action Nos. 06-CA-109 and 06-CA-110, 2009 WL 1444445, at *6 (W.D. Tex. May 20, 2009) ("Movants' naked assertion that their trial counsel could have done a better job cross-examining prosecution witnesses regarding drug quantities, bereft of any factual specificity, is precisely the type of conclusory assertion which fails to raise a cognizable claim of ineffective assistance."). Accordingly, this claim should likewise be rejected.

Petitioner next argues that if these various claims do not warrant relief when considered individually, relief is nevertheless warranted if they are considered collectively. He is incorrect. Where, as here, the individual contentions are meritless, that result cannot be changed

---

[12] The presentation of the state's case takes up a mere sixty-four pages of the transcript, with approximately fifteen of those pages (or more than twenty percent) being devoted to cross-examination.

simply by asserting them collectively. Pondexter v. Quarterman, 537 F.3d 511, 525 (5th Cir. 2008); United States v. Hall, 455 F.3d 508, 520 (5th Cir. 2006); Miller v. Johnson, 200 F.3d 274, 286 n.6 (5th Cir. 2000); Sholes v. Cain, Civ. Action No. 06-1831, 2008 WL 2346151, at *17 (E.D. La. June 6, 2008), aff'd, 370 Fed. App'x 531 (5th Cir. 2010); Simms v. Cain, Civ. Action No. 07-966, 2008 WL 624073, at *26 (E.D. La. Mar. 8, 2008); Spicer v. Cain, Civ. Action No. 07-3770, 2007 WL 4532221, at *10 (E.D. La. Dec. 19, 2007); Franklin v. Thompson, Civ. Action No. 07-543, 2007 WL 3046642, at *13 (E.D. La. Oct. 17, 2007). As the United States Fifth Circuit Court of Appeals noted with respect to analogous claims of cumulative error: "Twenty times zero equals zero." Mullen v. Blackburn, 808 F.2d 1143, 1147 (5th Cir. 1987).

The Court notes that petitioner also makes a passing reference that his appellate counsel was also ineffective.[13] However, at no point in his petition or supporting memorandum does he explain this allegation or argue in what respect appellate counsel was ineffective. Therefore, he clearly has not meet his burden of proof to establish that his appellate counsel performed deficiently in any respect whatsoever and to show that prejudice resulted. As previously explained, conclusory allegations of ineffective assistance of counsel are insufficient to raise a constitutional issue. Therefore, this claim must likewise be rejected.

In light of the foregoing, the undersigned finds that petitioner has failed to show that the state court's decision rejecting his ineffective assistance claims was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court

---

[13] Rec. Doc. 1, p. 10.

of the United States. Accordingly, under the doubly deferential standards of review mandated by the AEDPA, these ineffective assistance claims should be denied.

Lastly, out of an abundance of caution, the Court notes that petitioner also appears to complain that the state courts denied his post-conviction claims without holding an evidentiary hearing.[14] However, state law expressly allows post-conviction applications to be dismissed on the pleadings without an evidentiary hearing. La. Code Crim. P. arts. 928 and 929(A). Further, to the extent that petitioner is arguing that the state courts misapplied state law in this regard, that claim is not cognizable in this proceeding. Federal *habeas corpus* relief can be granted only to remedy errors which occurred at trial or on direct review; claims concerning errors in post-conviction proceedings simply are not cognizable. Morris v. Cain, 186 F.3d 581, 585 n.6 (5th Cir. 1999); see also Duff-Smith v. Collins, 973 F.2d 1175, 1182 (5th Cir. 1992); Anthony v. Cain, Civ. Action No. 07-3223, 2009 WL 3564827, at *23 (E.D. La. Oct. 29, 2009); Baham v. Allen Correctional Center, Civ. Action No. 07-4075, 2009 WL 3148757, at *3 (E.D. La. Sept. 30, 2009); Davis v. Cain, Civ. Action No. 07-6389, 2008 WL 5191912, at *6 (E.D. La. Dec. 11, 2008).

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition of **Brandon L. Twillie** for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

---

[14] Rec. Doc. 1, p. 13.

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[15]

New Orleans, Louisiana, this fourteenth day of August, 2012.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[15] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.